"1st. Whether this action is subject to the operation of the Act of Parliament passed in the 31st year of Elizabeth, chap. V, and on a question arising out of these facts, which the jury find, to wit: That on the thirty-first day of January, one thousand seven hundred and ninety-four, the said William Carter was indebted to the said John B. Brand in the sum of one hundred and six pounds eleven shillings and nine pence, for which judgment had been obtained and execution thereon had issued, which execution the sheriff had levied, and had appointed the said thirty-first day of January to sell the property levied on to satisfy the same; and on that day the said John B. Brand did agree that the said sale should be postponed eighteen days, in consideration that the said Wm. Carter would pay him, the said John, ten dollars more than the legal interest arising on said sum; and afterwards the said John B. Brand, to wit, on the eighteenth day of February next following, did receive from the said William Carter the amount of the said judgment, and also the said sum of ten dollars more than legal interest, as aforesaid, for the said postponement and forbearance." And the question submitted to the Court is, whether the case upon these facts is within the statute of usury. "If the opinion of the Court upon the law and facts above stated is in favor of the plaintiff, they find for the plaintiff, and assess six pence damages and six pence costs; but if the opinion of the Court should be in favor of the defendant, they then find for the defendant."
From the facts stated in the special verdict, I am of opinion that the contract is usurious, and that there should be judgment for the plaintiff.